**IN THE UNITED STATES DSITRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CARLA M. WORTEL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P. ("Wal-Mart"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant shows as follows:

1.  An action was commenced against Wal-Mart in the Circuit Court of Harrison County, Mississippi, entitled "*Carla Wortel, Plaintiff v. Wal-Mart Stores East, L.P.,* Civil Action No. 24CI1:23-C-00314. The State Court file attached hereto as "Exhibit A" was filed in this action.

2.  According to the Circuit Clerk's office for the Circuit Court of Harrison County, Mississippi, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on September 14, 2023, which was Wal-Mart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, within thirty days after the receipt by Wal-Mart of the initial pleading setting forth the claim for relief upon which such action or proceeding is based in accordance with 28 U.S.C. § 1446 (b). The Circuit Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi. In her Complaint, Plaintiff states that she is a resident of Mississippi. (Complaint, ¶ I). Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this

Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

6. Plaintiff's Complaint seeks unspecified actual/compensatory damages for personal injuries to Plaintiff, Carla Wortel, including bills for medical treatment, past, present and future; physical pain and suffering, past and future; mental and emotional distress, past and future; land loss of enjoyment of life. (Complaint, ¶ XI).

7. As to the amount in controversy, on July 19, 2023, Plaintiff's counsel sent a demand letter to Wal-Mart alleging that Plaintiff sustained injuries which necessitated medical treatment as a direct and proximate result of her incident at Wal-Mart. According to Plaintiff's counsel, Plaintiff was treated by American Medical Response, Singing River Gulfport, Keystone Emergency Physicians, SMB Radiology, and Bienville Orthopedic Specialists, Memorial Hospital at Gulfport, and Encore Rehabilitation and incurred medical expenses in the amount of One Hundred Thirty Two Thousand, One

Hundred Seven and 78/100 Dollars ($132,107.78) and sought the amount of Five Hundred Fifty Thousand Dollars ($550,000.00) as settlement for all claims. (Exhibit "B").[1]

8.   The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the requirements for federal jurisdiction are not apparent on the face of the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 352 F.3d 636, 638-39 (5th Cir. 2003). . "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional." *Dart v. Cherokee Basin Operating Co. v. of Owens*, 135 S. Ct. 547, 554 (2014). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant seeking removal can establish jurisdictional facts by a preponderance in a number of ways: By contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008)(quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). *See also Brookins v. State Farm Mutual Automobile Insurance Company,* 2021 WL 1233474 * 4 (S.D. Miss. March 31, 2021)

---

[1] Wal-Mart has not attached Plaintiff's billing records as an exhibit to protect Plaintiff's privacy. Redacted copies of those records will be provided to the Court upon request.

9.	This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

10.	Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Harrison County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

9.	If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this October 12, 2023.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652

Telephone:	(251) 433-1577
Facsimile:	(251) 433-7994

CERTIFICATE OF SERVICE

      I hereby certify that I have on this day October 12, 2023, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

M. Scott Bishop  
Morris Bart, LTD  
1712 15th Street, Suite 300  
Gulfport, MS  39501

                                                */s/ W. Pemble DeLashmet*  
                                                OF COUNSEL